**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**DEREK CLINTON DENTON**                                                                    **PETITIONER**
Reg # 16253-076

VS.                              NO. 2:10CV00043-JMM-BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**II.     Introduction**

Derek Clinton Denton, an inmate at the Federal Correctional Complex in Forrest City, Arkansas, brings his Petition under 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") "refusal to grant the petitioner 12 months pre-release placement in a residential reentry center (RRC)." (docket entry #1 at p. 7) (emphasis in original) Respondent has filed a response. (# 10) For the reasons that follow, the Court recommends that the District Court dismiss the petition.

**III.    Facts**

Following a three-day jury trial in the United States District Court for the Western District of Tennessee, Petitioner was convicted of kidnaping for the purpose of robbery, in violation of 18 U.S.C. § 1201, and of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  See *United States v. Denton*, 246 F.3d 784, 785 (6th Cir. 2001).  As a result of the conviction, Petitioner is serving a 181-month prison sentence, to be followed by three years of supervised release.

On May 1, 2010, the BOP completed a Supervision Release Plan ("the Plan") and a Second Chance Act – RRC Needs Assessment ("the Assessment") for Plaintiff. (#10-1 at pp. 7-9)  The Plan shows a projected supervised release date of May 20, 2011, and recommends scheduled placement in an RRC six months prior to that date. (#10-1 at pp. 7-8)  Petitioner refused to sign the Plan or the Assessment because he wanted more than six months of placement in an RRC. (#10-1 at pp. 7-9)  Because Petitioner refused to

sign the Plan, the BOP did not recommend Petitioner for RRC placement in its Assessment. (#10-1 at p. 9)

IV.   **Analysis**

A.   *Exhaustion of Administrative Remedies*

Respondent first argues that Petitioner failed to fully exhaust his administrative remedies regarding the Plan and Assessment. Prisoners generally are required to exhaust their administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. See *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). However, exhaustion is not required if it would be futile. *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and last, to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. See *Thurman*, 2006 WL 2372493 at *2.

Regarding his failure to exhaust, Petitioner claims that because his projected supervised release date is May 20, 2011, it would be futile for him to attempt to exhaust

3

his administrative remedies because his claim would be moot before he completes the grievance process. The Court finds that Petitioner has not fully exhausted his administrative remedies; however, because of the time limitations involved with Petitioner's claim, the grievance process would be futile, and a discussion of the merits is warranted. See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 128 S.Ct. 927 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

B.   *Residential Reentry Center Placement*

The BOP is responsible for the placement and transfer of federal inmates under 18 U.S.C. § 3621. When considering an inmate for prerelease transfer to an RRC, the BOP must ensure the placement is: (1) conducted in a manner consistent with the requirements in 18 U.S.C. § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the inmate with the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c)(6)(A)-(C). When determining placement consistent with 18 U.S.C. § 3621(b), the BOP may consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement or recommendation by the sentencing court; and (5) any relevant Sentencing Commission policy statement. See 18 U.S.C. § 3621(b)(1)-(5).

When determining RRC placement, the BOP is required only to consider the request "in good faith." *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) (quoting *Fults v. Sanders*, 442 F.3d 1088, 1089 (8th Cir. 2006)).  The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its "substantial discretion." *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007).

Petitioner argues the BOP failed to conduct an individualized assessment of his RRC placement needs.  While the responses on Petitioner's Assessment form are brief, the BOP is not required to conduct a detailed RRC placement analysis. *Miller*, 527 F.3d at 758.  Petitioner has not established that the BOP failed to consider relevant statutory factors when denying his request for maximum RRC placement.

Petitioner also complains the BOP failed to consider the fact that he has been incarcerated for over twelve years and that he does not have a home.  (#10-1 at p. 9)  The BOP did consider, however, Petitioner's offense, prior criminal history, prison conduct, education, and funds available to Petitioner.  (#10-1 at p. 9)  Petitioner's Assessment noted his work performance and incident reports while incarcerated.  (#10-1 at p. 9-11)  Finally, the Assessment form referenced Petitioner's refusal to sign the Plan agreeing not to possess a firearm, to participate in drug testing, and to report to his assigned Probation Officer while in a release program.  (#10-1 at p. 9)  There is no evidence the BOP acted other than in good faith when it considered Petitioner's RRC placement needs.

The BOP's current policy, Program Statement 7310.04, states that RRC needs can usually be met by a placement of six months or less, with placement beyond 180 days requiring "extraordinary justification."  The Eighth Circuit has found this extraordinary justification requirement to be a legitimate standard, consistent with 18 U.S.C. § 3621(b), and that the BOP may use when considering a request for extended RRC placement. *Miller*, 527 F.3d at 758-759.  This policy is a valid exercise of the BOP's broad discretion under 18 U.S.C. 3621(b) and 18 U.S.C. 3624(c).  While Petitioner requested maximum RRC placement, there is no indication the BOP abused its discretion when it determined that 180 days of placement, with appropriate conditions in place, would be sufficient for Petitioner.

There is nothing in the applicable statutes or case law that entitles Petitioner to RRC placement for a specific period of time, much less for the maximum twelve months. Respondent was required only to individually consider Petitioner for RRC placement in a manner consistent with 18 U.S.C. § 3621(b).  The BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b).

## V.     Conclusion

For the reasons set forth above, the Court recommends that the District Court dismiss Petitioner Derek Clinton Denton's petition for writ of habeas corpus (#1) with prejudice.

DATED this 2nd day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE